## RAILWAY OWNERSHIP INCLUDES ALL APPURTENANCES.

Circuit Court of Cuyahoga County.

THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY
v. MYRTLE B. KEARNS, ADMINISTRATRIX.*

Decided, January 12, 1906.

*Pleading—Admission of Ownership of Railroad Includes Appurtenances.*

An admission by a defendant that it owns and operates a certain steam railway as alleged in the petition includes an admission of the ownership of side-tracks, cars and appurtenances mentioned in the petition.

*Brewer, Cook & McGowan*, for plaintiff in error.
*H. Remington, E. J. Pinney* and *C. W. Dille*, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This was an action for death by wrongful act, brought by the administratrix of the estate of James M. Kearns, an employee of the Lake Shore & Michigan Southern Railway Company, who was killed at a point between Coe and Kirtland streets in the city of Cleveland, August 31, 1902, while riding as a brakeman on an east bound freight train. It is supposed that he was sit-

---

*Affirmed without opinion, *L. S. & M. S. Ry. Co. v. Kearns*, 75 Ohio State, 605.

ting in the open doorway of a car, facing the north, and it is clear that he was injured by the projecting door of a freight car standing on a side-track next north of the main track on which his train was moving. The railway company here seeks a reversal of the judgment recovered against it by the administratrix, because of divers alleged errors in the record.

Complaint is made, first, because the trial judge asked witness Broughan, the train conductor, regarding the car with the projecting door, ''was that owned and operated by the L. S. & M. S. Railroad?'' and also because the witness was allowed to make answer and affirm that it was. It is said, however, that this question and answer, however erroneous, could not be prejudicial, because they relate only to a matter admitted by the pleadings to be true. We think this is a complete answer. The petition, after alleging defendant's corporate character, avers that it ''owned and operated a steam railroad, known as the L. S. & M. S. Railway, passing through'' the locality where this casualty happened, and where as it further avers, ''another track of defendant lay parallel with the one upon which said train was running and immediately north thereof.'' The petition further alleged that the car with the projecting door was placed on that track by defendant.

The answer, by its first defense which is concisely phrased, denies generally everything in the petition which it does not expressly admit. But among the admissions is this, ''That the defendant is a corporation, owning and operating a steam railroad, as alleged in said petition.'' This is a plain admission of the ownership and operation by the L. S. & M. S. Railway Company of the railroad described in the petition and including those usual appurtenances of train, side-track, cars, etc., therein mentioned. Had the railway company desired to except from its admissions some or all of these usual appurtenances so mentioned in the petition, its answer should have particularly pointed out such exceptions. We think the pleadings clearly admit that the car with the projecting door was owned and operated by the L. S. & M. S. Railway Company, and that the answer of the witness to the same effect was not prejudicial error.

It is claimed, secondly, that the proof fails to show that this car or door was defective. We think, however, that this is a plain inference from the fact, which was clearly proved, that the door projected out from the side of the car at an angle of forty-five degrees.

A third assignment of error is that the evidence fails to disclose any notice to the railway company of such defect; but Section 3365-21 of Bates' Annotated Ohio Statutes dispenses with affirmative proof of such notice in such cases.

The plaintiff in error urges, fourthly, that there is an utter want of proof that the decedent did not know of the defect and had no means equal with his employers of knowing it. This proof was, of course, indispensable (*Hess, Admx.*, v. *The Columbus, Sandusky & Hocking R. R. Co.*, 58 Ohio St., 167, 170). We think, however, that such proof was supplied as fully as the nature of the case would admit, or require. There is no proof as to how long the defect had existed or been visible, but it is highly improbable that the car door should have been thus projecting toward, and so dangerously near, the main track of this railroad for any considerable length of time without being noticed and reported or removed by the employees on passing locomotives or trains. The only opportunity that Kearns could have had of seeing it, so far as we can infer from the record, was while passing by on a train as on this occasion. The opportunity would probably not be so good while passing in the opposite direction on the other main track. At any rate, we think it fair to infer that this was an extremely dangerous condition and had not persisted long enough to afford him opportunity to see it, or, at least, that if he had seen it, the instinct of self-preservation would have impelled him to avoid it. It was not a case of taking chances, but of exposure to certain injury; and we think the jury might well have been instructed to find from all the evidence that the decedent had neither actual knowledge nor means equal with his employers of knowing of this defect. Without deciding that the court's charge upon this subject was correct, we hold that since the proof requires the finding neces-

sarily implied in the jury's verdict, there can be no prejudice in the instruction which they received.

It is claimed, lastly, that the agreement, as to watchfulness at all times and special care while on the sides or tops of moving cars, which Kearns made when he was employed, was violated by him, and that he was guilty of contributory negligence in failing to see this danger and in needlessly exposing his body beyond the side of the car when not required to do so. And it is claimed that the court erred in what it charged and what it refused to charge upon this subject. We think there was nothing in his employment or his agreement requiring him to keep a lookout ahead on this occasion or forbidding him to sit or stand in the doorway of a car, if that is what he did. The presumption is that he was not negligent and there is absolutely nothing in the evidence to overcome that presumption. The judgment is affirmed.